ON APPLICATION FOR REHEARING AS TO DISMISSAL OF THE APPEAL EN BANC
CULPEPPER, Judge.
We granted a rehearing to consider defendant appellant’s request that this case be remanded to the trial court for correction of the record, LSA-C.C.P. 2132. Defendant contends it can prove the certificate of the clerk of court (that notice of the signing of final judgment was mailed to counsel for defendant, LSA-C.C.P. Article 1913) is erroneous and that actually no such notice was mailed; hence, that the appeal was timely filed.
As we stated in our original opinion, the clerk’s certificate is not conclusively presumed to be correct, and may be corrected on proper showing. Here the certificate is subject to question because it was not signed until 3y¿ months after the notice was allegedly mailed; and the notice was not sent by registered mail.
The pendency of this appeal did not divest the trial court of jurisdiction to consider such a request for correction of the record. LSA-C.C.P. Article 2088; Chivers v. Couch Motor Lines, Inc., La.App., 159 So.2d 544. Defendant appellant could have made his request directly to the trial court. However, in the interest of justice and because appeals are favored in the law, we have decided to remand this case to the trial court for the taking of evidence and a decision by the district judge on the factual issue of whether the clerk of court mailed the notice in compliance with LSA-C.C.P. Article 1913. After the trial court has ruled on defendant’s request to correct the certificate, the record must be returned to this court for a decision on plaintiff’s motion to dismiss the appeal.
Remanded to the trial court on request that the record be corrected.